JUDGE GARDEPHE

PREET BHARARA
United States Attorney for the
Southern District of New York
By:    BONNIE JONAS
        SHARON COHEN LEVIN
        Assistant United States Attorneys
        One Saint Andrew's Plaza
        New York, New York 10007
        Tel. (212) 637-2472/1060

15 CV 01825

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
                               :

UNITED STATES OF AMERICA           :

          -v-                :

$300,000,000 IN UNITED STATES CURRENCY,   :

        Defendant-in-rem.         :

------------------------------------ X

**VERIFIED CIVIL COMPLAINT**

15 Civ.



RECEIVED
MAR 12 2015
U.S.D.C. S.D. N.Y.
CASHIERS

        Plaintiff United States of America, by its attorney Preet Bharara, United States

Attorney for the Southern District of New York, for its verified complaint, alleges, upon

information and belief, as follows:

## I. <u>JURISDICTION AND VENUE</u>

        1.      This action is brought pursuant to Title 18, United States Code,

Section 981(a)(1)(C) by the United States of America seeking the forfeiture of $300,000,000 in

United States currency (the "Defendant Funds" or the "defendant-in-rem").

        2.      This Court has jurisdiction pursuant to Title 28, United States Code,

Section 1355.

3.      Venue is proper under Title 28, United States Code, Section 1355(b)(1)(A) because certain actions and omissions giving rise to forfeiture took place in the Southern District of New York and pursuant to Title 28, United States Code, Section 1395 because the defendant-in-rem has been transferred to the Southern District of New York.

4.      The Defendant Funds are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C).

5.      Upon entry of a final order forfeiting the Defendant Funds to the United States, the Government intends to distribute the funds to victims of the fraud, consistent with the applicable Department of Justice regulations, through the remission process.  *See* Title 21, United States Code, Section 853(i)(1), Title 18, United States Code, Section 981(e)(6), and Title 28, Code of Federal Regulations, Part 9.

## II. <u>FACTUAL ALLEGATIONS</u>

6.      From at least in or about 2008, and continuing until 2013, the New York branch of Commerzbank AG ("Commerz New York"), acting through certain employees located in New York, violated the BSA and its implementing regulations.  Specifically, Commerz New York failed to maintain adequate policies, procedures, and practices to ensure their compliance with U.S. law, including their obligations to detect and report suspicious transaction activity.  As a result of the willful failure of Commerz New York to comply with U.S. law, a multi-billion dollar securities fraud was operated through Commerz New York and other reportable transactions under U.S. law were never detected.

7.      Commerz New York's AML program allowed the proceeds of fraud and other suspicious transactions to be processed through Commerz New York. Specifically, between 1999 and 2010, Commerz New York processed more than $1.6 billion in transfers orchestrated by Olympus in furtherance of the Olympus accounting fraud.

8.      From in or about the late 1990s through in or about 2011, Olympus perpetrated a massive accounting fraud designed to conceal from its auditors and investors hundreds of millions of dollars in losses. In September 2012, Olympus and three of its senior executives—including its Chairman, an executive vice president, and its general auditor—pleaded guilty in Japan to inflating the company's net worth by approximately $1.7 billion.

9.      As described in greater detail in the attached Statement of Facts, Olympus, through false representations made by Olympus executives, used Commerzbank AG ("Commerz"), through certain branches and affiliates, to perpetrate its fraud. Among other things, the fraud was perpetrated by Olympus through special purpose vehicles, some of which were created by Commerz—including several executives based in Singapore—at Olympus's direction, using funding from Commerz. One of those Singapore-based executives, Chan Ming Fon—who was involved both in creating the Olympus structure in 1999 while at Commerzbank (Southeast Asia) Ltd., and who later on his own managed an Olympus-related entity in 2005-2010 on behalf of which Chan submitted false confirmations to Olympus's auditors—subsequently pleaded guilty in the United States District Court for the Southern District of New York to conspiracy to commit wire fraud.

10.    Additionally, in or about March 2010, two wires in the amounts of approximately $455 million and $67 million, respectively, related to the Olympus scheme were processed by Commerz New York through the correspondent account for the Singapore branch of Commerz.  Those wires caused Commerz New York's automated AML monitoring software to "alert."  At the time, Commerz New York had conducted no due diligence on the Singapore branch, consistent with Commerz's policy at that time.  In response to the alerts, however, Commerz New York sent a request for information to Commerz Frankfurt and Commerz's Singapore branch, inquiring about the transactions.  The Singapore branch responded in a brief e-mail, dated April 20, 2010, referring to the Olympus-related entities involved in the wires:

> GPA Investments Ltd. ist [*sic*] a Caymen Islands SPV, Creative Dragons SPC-Sub Fund E is a CITS administered fund both of which are part of an SPC structure to manage securities investments for an FATF country based MNC.

> According to the Relationship Manager the payment reflects the proceeds from such securities investments to be reinvested.

Commerz's Singapore branch did not relay any of the concerns about the Olympus-sponsored structures and transactions discussed in the attached Statement of Facts.

11.    Based on its response, Commerz New York closed the alert without taking any further action other than to note that in March 2010 alone, GPA Investments (an Olympus-related entity) had been involved in six transactions through Commerz New York totaling more than $522 million.

12.    Commerz New York failed to file a SAR in the United States concerning Olympus or any of the Olympus-related entities until November 2013 – more than two years after the Olympus accounting fraud was revealed.

13.    As a result of the failure of Commerz's Singapore branch to communicate to Commerz New York the information and concerns about the Olympus-sponsored structures described in the attached Statement of Facts, and Commerz New York's failure to file any suspicious activity reports, more than $1.6 billion flowed through Commerz New York in furtherance of the Olympus accounting fraud.

## III. THE DEFENDANT IN REM

14.    On or about March 11, 2015, Commerz and Commerz New York entered into a Deferred Prosecution Agreement with the United States, wherein, inter alia, Commerz agreed to forfeit $300,000,000, i.e., the Defendant Funds, to the United States. Commerz agrees that the facts contained in the Deferred Prosecution Agreement, with the accompanying BSA/AML Statement of Facts and Information to be filed, establish the Defendant Funds are subject to forfeiture pursuant to United States Code, Section 981(a)(1)(C) and agree that the Defendant Funds represent a substitute res for the proceeds of the Olympus accounting fraud that flowed through Commerz during the course of the Olympus accounting fraud.

15.    The    Deferred    Prosecution    Agreement    and    the    accompanying BSA/AML Statement of Facts are attached as Exhibit 1.

## IV. CLAIM FOR FORFEITURE

16.     Incorporated herein are the allegations contained in paragraphs one through fourteen of this Verified Complaint.

17.     Title 18, United States Code, Section 981(a)(1)(C) subjects to forfeiture "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to…any offense constituting 'specific unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

18.     "Specified unlawful activity" is defined in Title 18, United States Code, Section 1956(c)(7), and the term includes, among other things, any offense listed under Title 18, United States Code, Section 1961(1).  Section 1961(1) lists, among other things, violations of wire fraud (Section 1343) and "fraud in the sale of securities."

19.     Pursuant to Title 18, United States Code, Section 981(a)(2)(A), for purposes of the civil forfeiture statutes, "proceeds" refers to "property of any kind obtained directly or indirectly, as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense."

20.     By reason of the foregoing, the Defendant Funds are subject to forfeiture to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C) because the Defendant Funds represent a substitute res for the proceeds of the Olympus accounting fraud.

WHEREFORE, plaintiff United States of America prays that process issue to enforce the forfeiture of the defendant-in-rem and that all persons having an interest in the defendant-in-rem be cited to appear and show cause why the forfeiture should not be decreed, and that this Court decree forfeiture of the defendant-in-rem to the United States of America for disposition according to law, and that this Court grant plaintiff such further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Dated:  New York, New York
        March 12, 2015

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for the Plaintiff
United States of America

BY:    _____
       BONNIE JONAS
       SHARON COHEN LEVIN
       Assistant United States Attorneys
       One St. Andrew's Plaza
       New York, New York 10007
       Telephone: (212) 637-2472/1060

## VERIFICATION

STATE OF NEW YORK                          )
COUNTY OF NEW YORK                      :
SOUTHERN DISTRICT OF NEW YORK    )

Thomas W. McDonald, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and as such has responsibility for the within action; that he has read the foregoing complaint and knows the contents thereof, and that the same is true to the best of his knowledge, information, and belief.

The sources of deponent's information on the ground of his belief are official records and files of the United States, information obtained directly by the deponent, and information obtained by other law enforcement officials, during an investigation of alleged violations of Title 18, United States Code.

Thomas W. McDonald
Special Agent
Federal Bureau of Investigation

Sworn to before me this
10th day of March 2015

NOTARY PUBLIC

MARCO DASILVA
Notary Public, State of New York
No. 01DA6145603
Qualified in Nassau County
My Commission Expires May 6, 2018